**Todd M. Leventhal**
600 South Third Street
Las Vegas, Nevada 89101
702 384 1990

**Michael B. Nash**
53 West Jackson Blvd.
Suite 620
Chicago, Illinois
312 236 8788

Counsel for Defendant
Irwin A. Schiff



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | CR-S-04-119-KJD(LRL) |
| v. | ) | |
| | ) | |
| IRWIN A. SCHIFF | ) | |
| | ) | |

## DEFENDANT SCHIFF'S OBJECTIONS TO THE PRESENTENCE REPORT

Defendant Irwin Schiff, by his attorney Michael B. Nash, makes the following objections to the Pre-Sentence Report.

The defendant was found guilty on October 24, 2005. The United States Probation Department has prepared three PSR's, December 22, 2005, January 4, 2006 and January 27, 2006.

Defendant was not given a copy of the December 22, 2005 PSR, but has reviewed the revised reports. The comments below for the most part are directed at the most recent PSR.

1

Paragraph 35 of the PSR states that defendant "willfully impeded the administration of justice during trial." It then assesses a 2 level increase pursuant to U.S.S.G. §3C1.1. No facts are cited, other than that the obstruction occurred during trial. It is therefore impossible for defendant to rebut the allegations.

Notwithstanding, there are some obvious shortcomings in the PSR's conclusion. The application notes state that conduct obstructing or impeding the administration of justice "can vary widely in nature, degree of planning, and seriousness." U.S.S.G. §3C1.1, Application Note 3. It also cites conduct which does and does not fall within its purview. U.S.S.G. §3C1.1, Application Notes 4 and 5. It is impossible to assess whether the unidentified facts relied upon here fit any of the application note examples or applicable case law.

In addition, according to Application Note 2, conduct which is the result of "confusion" is not covered. See, U.S.S.G. §3C1.1, Application Note 2. Here, defendant, not a lawyer, was appearing "pro se." He suffers from severe mental problems. These problems are such that Dr. Daniel Hayes, who examined him pursuant to the Court's Order, stated in a report to the Court that in his 'pro se' role the defendant would be "quite challenging," "argumentative" and his "behavior (would be) difficult to manage." Hayes report, P.7. These comments follow Dr. Hayes' conclusion that although "there is no immediate concern that Schiff's behavior will be disruptive," Schiff would "become frustrated... possibly becoming disruptive or difficult to manage." Hayes report P.7. According to Dr. Hayes' report, Schiff's conduct is "being driven by his mental illness." Hayes report P.7. Dr. Hayes also had reservations regarding Schiff's "cognitive capacity" and noted Schiff's "difficulty focusing his attention." Id. Without the specific

2

facts relied upon by the probation officer neither the parties nor the Court can assess whether such conduct was the result of Schiff's mental illness. Dr. Hayes' diagnosis specifically noted that Schiff's mental health problems would impact Schiff's behavior. Even the PSR notes that "Bipolar disorder… does affect how people act or behave." PSR, para 8. U.S.S.G. §3C1.1 requires that "the defendant acted willfully." Given the willful standard and Schiff's mental illness, it is difficult to see how the PSR could conclude that a 2 point offense level enhancement is appropriate without some discussion.

Paragraph 58, in the Mental and Emotional Health portion of the PSR, states that the "probation office," has "concerns" regarding defendant's mental health. It reports that Schiff was diagnosed as Bipolar "sometime in the late 1960's," relying on an earlier PSR prepared in the District Court of Connecticut, and that he was hospitalized in December 1971 for "depression," relying on a Veterans Administration Report. These brief references to both reports and the very generic summary comments regarding them, raise questions the PSR does not address. Of greater significance is the fact that the PSR does not address either defendant's current mental condition or how it might have impacted his "cognitive capacity," his conduct in this case or the sentence in this case.

The PSR makes no reference to the report by Dr. Hayes who examined defendant for six (6) hours on February 18, 2005, regarding his competence to stand trial in this case. While ignoring defendant's current mental health, the PSR boldly states that the impact of the defendant's unexplored current mental health under the Guidelines is offset by "the significant disruption" he caused at trial. How the PSR reaches this "balancing" of what he views as offsetting Guideline factors is difficult to fathom. In order to determine whether Schiff's allegedly disruptive conduct at trial was offset by the impact

of his mental illness under USSG 5K.2.13 would require an evaluation of both the disruptive conduct and his mental illness. The PSR did neither. More significant is the fact that the PSR fails to realize that Schiff's allegedly disruptive conduct might be a product of his mental illness. As Dr. Hayes noted Schiff was "extremely rigid, fixed, inflexible, doggedly determined opinions and beliefs that cannot be changed by others' reasoning… impervious to any suggestions." Hayes report P.6. "Mr. Schiff's focus on this topic (is) being driven by his mental illness." Hayes report P.7.

Paragraph 42 assesses a 4 level increase for being an organizer and leader of criminal activity involving five or more participants. No facts beyond this conclusory statement are made. The only other obvious participants are the two co-defendants. There is insufficient information to warrant an increase in the offense level pursuant to 3B1.1.(c).

The PSR included the 1979 to 1985 activity from Schiff's prior conviction in order to justify an increase in the loss amount, (See, PSR page 7, paragraph 17) and to increase Schiff's Criminal History Category (see PSR, page 14, paragraph 50). Prior conduct which is "intricately related," or "so blended or connected that it incidentally involves . . . or tends to be part of the charged crime may not be double counted. *United States v. Akinrinade*, 61 F.3d 1279, 1284-86 (7th Cir. 1995) (internal quotations omitted). Here, the conduct in 1979 through 1985 was part and parcel of the crime charged in count 17. See, *United States v. Spaeni*, 60 F.3d 313 (7th Cir. 1995) Jury instruction 33 included the 1979 to 1985 activity.

> "Count Seventeen of the Indictment charges Irwin Schiff with willfully attempting to evade and defeat the *payment* of approximately $1,369,000 in income taxes, penalties, and interest due and owing 1979-1985. In order for you to find Mr. Schiff guilty of that charge, you must

4

find that a tax deficiency existed for those years, that Mr. Schiff willfully attempted to evade the taxes owed for those years, and that Mr. Schiff committed at least one *affirmative* act to evade the taxes owed"

Jury Instruction No. 33

Thus, Schiff's prior conviction should not be counted toward his criminal history category.

Respectfully Submitted,

s/ Michael B. Nash
Michael B. Nash

**53 West Jackson Blvd.**
**Suite 620**
**Chicago, IL 60604**
**(312) 236-8788**

5

**Todd M. Leventhal**
600 South Third Street
Las Vegas, Nevada 89101
702 384 1990

**Michael B. Nash**
53 West Jackson Blvd.
Suite 620
Chicago, Illinois
312 236 8788

Counsel for Defendant
Irwin A. Schiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>) | CR-S-04-119-KJD(LRL) |
| v.              )<br>) | |
| IRWIN A. SCHIFF       )<br>) | |

### CERTIFICATE OF SERVICE

I, Michael B. Nash, hereby certify, that I served a copy of **DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**, upon the following by hand, delivery, by fax, or by mail the same on this 2nd day of February, 2006.

_/s/ Michael B. Nash_
Michael B. Nash

**Chad Bowers, Esq.** (Attorney for Cohen)
3202 West Charleston Boulevard
Las Vegas, NV 89102
Fax: 702-457-8006

**Michael Christalli, Esq.** (Attorney for Neun)
732 South Sixth Street, Ste 100

Las Vegas, NV 89101
Fax: 702-382-2977

**Probation Officer Patrick Drescher**
400 South Virginia, Room 103
Reno, Nevada 89501
Fax: 775-686-5990

**Daniel G. Bogden**
United States Attorney
**David J. Ignall**
**Jeffery A. Neiman**
Trial Attorneys
U.S. Department of Justice
Tax Division
**Daniel R. Schiess**
Assistant United States Attorney
333 Las Vegas Boulevard South
Fifth Floor
Las Vegas, NV 89101
Telephone: 702-388-6336